FILED
DEC 1 5 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER, PURSUANT TO 18
U.S.C. § 2705(b), PROHIBITING
FACEBOOK, INC., AN ELECTRONIC
COMMUNICATIONS PROVIDER, FROM
NOTIFYING ANY PERSON, INCLUDING
THE SUBSCRIBER, OF THE EXISTENCE
OF A SUBPOENA.

**SEALED APPLICATION**

14-MC-166

- - - - - - - - - - - - - - - -X

The United States, through Assistant United States Attorney Jeffrey C. Clapper, for the District of South Dakota, hereby applies to the Court pursuant to 18 U.S.C. § 2705(b) for an order prohibiting Facebook, Inc., located at 1601 Willow Road, Menlo Park, CA 94025, which functions as an electronic communications service provider, from notifying any person, including the subscriber, of the existence of a subpoena to Facebook, Inc., that requests subscriber information related to the Facebook accounts 100007347527794, 100008487424676, 100008566620126 and 100008613123014.

In support of this application, I affirm the following:

FACTUAL AND LEGAL BACKGROUND

1. The Department of Homeland Security, Homeland Security Investigations ("HSI") is currently investigating allegations of possible extortion involving interstate communications on the internet, in violation of 18 U.S.C. § 875.

2. Based on the investigation of this criminal activity, there are reasonable grounds to believe that Facebook, Inc. has records and other information that are relevant and material to the ongoing criminal investigation described above.

3. Section 2703 of Title 18, United States Code, provides instruction on access to the records and other information in the possession of providers of "electronic communications services" and/or "remote computing services." Facebook, Inc. functions both as an electronic communications service provider -- that is, Facebook, Inc. provides its subscribers with access to electronic communication services, -and as a remote computing service provider providing computer facilities for the storage and processing of electronic communications as those terms are used in 18 U.S.C. § 2703.

4. Here, pursuant to 18 U.S.C. § 2703(c)(2), the government seeks to obtain the following basic subscriber information:

    (a)    name;

    (b)    address;

    (c)    local and long distance telephone connection records, or records of session times and durations;

    (d)    length of service (including start date) and types of service utilized;

    (e)    telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

    (f)    means and source of payment for such service (including any credit card or bank account number)

5. According to 18 U.S.C. § 2703(c)(2), a Federal grand jury subpoena may be used to obtain the above-described subscriber information.

6. According to 18 U.S.C. § 2703(c)(3), a governmental agency receiving records or information under 18 U.S.C. § 2703(c)(2) is not required to provide notice to a subscriber or customer.

7. Pursuant to 18 U.S.C. § 2705(b), the Court may issue an order commanding a provider of electronic communications services or remote computing services that has been served with a subpoena in accordance with 18 U.S.C. § 2703, to not notify the subscriber, customer or any other person of the existence of the subpoena or court order.

6. Also pursuant to 18 U.S.C. § 2705(b), the Court shall enter such an order if it determines that there is reason to believe that notification of the existence of the subpoena will result in (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

7. Accordingly, this application sets forth the facts showing that there are reasonable grounds to believe that the records and information sought are relevant and material to the ongoing criminal investigation described above and that an order prohibiting the disclosure of the subpoena and request for information is warranted under the circumstances.

## THE RELEVANT FACTS

8. Homeland Security Investigations is conducting an investigation of a target in Mexico who allegedly sent text messages via interstate electronic communications to a juvenile female in South Dakota. The messages threatened to publish nude and erotic images and video of the juvenile female on the internet, including through the use of Facebook.

9. During the course of the investigation, Homeland Security Investigations has reason to believe that various screen names and false identities were used to facilitate the publishing of the nude and erotic images and videos on the internet. Based upon my experience and conversations with other law enforcement personnel, it is common for individuals to attempt to remain anonymous when making threats and publishing images that may be damaging to the person depicted in the images. These individuals often use multiple screen names, periodically close old screen names, and open new screen names in order to avoid detection.

## REQUESTED ORDER

10. For the purposes of the ongoing investigation, the Government seeks to obtain basic subscriber information of the requested screen names and accounts possibly associated with the suspect.

11. It is requested that this Application and Order be sealed by the Court until such time as the Court directs otherwise. Given the confidential nature of this investigation, disclosure would severely jeopardize the

investigation in that it might alert the target of the investigation to the existence of an investigation and likely lead to the destruction and concealment of evidence, and/or flight.

12. It is further requested that pursuant to the preclusion of notice provisions of 18 U.S.C. § 2705(b), that Facebook, Inc. be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this order or the Federal subpoena until further order of the Court. The Government submits that such an order is justified because notification of the existence of this order could seriously jeopardize the ongoing investigation. Such a disclosure could give the subscriber an opportunity to destroy evidence, notify confederates, or cause people to flee or continue to flee from prosecution.

WHEREFORE, it is respectfully requested that the Court grant the attached Order (1) directing that the Application and Order be sealed; and (2) directing Facebook, Inc. not to disclose the existence or content of the Order, the application, or the Federal subpoena, except to the extent necessary to comply with the Federal subpoena.

Dated this 15th day of December, 2014.

Jeffrey C. Clapper
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57104
605-357-2352
Jeff.Clapper@usdoj.gov